UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>V.<br><br>EARL GENE BLANKENSHIP,<br><br>    Defendant. | CRIMINAL NO. 7:19-10-KKC<br><br><br><br>OPINION AND ORDER |

*** *** ***

Defendant Earl Gene Blankenship moves for "compassionate release" under 18 U.S.C. § 3582(c)(1)(A) (DE 37). He also asks the Court to appoint counsel to represent him on this motion. By judgment dated August 28, 2019, the Court sentenced Blankenship to a prison term of 120 months for conspiring to distribute methamphetamine and for possessing a firearm in furtherance of a drug-trafficking crime.

He moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A), which provides for what is commonly referred to as "compassionate release." He states that began having seizures in March 2020 and had a heart attack in July 2020.

18 U.S.C. § 3582(c)(1)(A) allows a court, upon a proper motion, to modify a term of imprisonment and grant what is commonly referred to as "compassionate release." Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the court could not grant a motion for compassionate release unless the director of the Bureau of Prisons (BOP) filed the motion. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow the

court to grant a motion for compassionate release filed by the defendant himself "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C.A. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018).

The Sixth Circuit recently determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting relief. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id*. at 834. Blankenship submits evidence that the warden denied his request for compassionate release on June 12, 2020. The government does not dispute that he filed this motion more than 30 days after he requested compassionate release from the warden. Accordingly, the Court has authority to consider his request.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C.A. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C.A. § 3582(c)(1)(A)(i).

The statute does not define "extraordinary and compelling." Nevertheless, the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) sets forth the circumstances under which extraordinary and compelling reasons exist for modifying a sentence.

One of these is the medical condition of the defendant. The defendant must be suffering from a "terminal illness," or he must be suffering from a serious physical or mental impairment "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1.

The government submits evidence that Blankenship has health conditions that include Type 2 diabetes, epilepsy/seizure disorder, hypertension, and COPD. In other cases, the government has conceded that, given the COVID-19 pandemic, an inmate "with a serious medical condition like COPD. . . cannot 'self-care' within the prison setting because he cannot self-isolate and so there are 'extraordinary and compelling reasons'" that make that inmate eligible for compassionate release. (*United States v. Poynter*, 5:5-23, DE 67, Response at 7.) The government has also taken the position in front of the Sixth Circuit Court of Appeals that "that a chronic medical condition identified by the CDC as a risk factor for more severe outcomes from Covid-19 – including Type 2 diabetes – does substantially diminish an inmate's ability to provide self-care in prison. . . ." (*United States v. Coffman*, No. 5:9-181, DE 788, Order at 3.) Here, however, Blankenship makes no mention of the COVID-19 pandemic in his motion and there is no evidence before the Court that it is a significant problem in his place of incarceration. Thus, the Court has no basis to find extraordinary and compelling reasons for a sentence reduction in this case.

Even if the Court were to find that Blankenship has demonstrated extraordinary and compelling reasons that make him eligible for a sentencing reduction, however, the Court must also consider whether "the factors set forth in section 3553(a) to the extent that they are applicable" support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *see United*

3

*States v. Spencer*, No. 20-3721, 2020 WL 5498932, at *2 (6th Cir. Sept. 2, 2020). These factors include, among other things: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) the sentencing range for the applicable category of offense; and (3) the need for the sentence imposed to adequately deter criminal conduct, to protect the public from the defendant's further crimes, and to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a). The court must also find that the defendant "is not a danger to the safety of any other person or to the community." U.S. Sentencing Guidelines Manual § 1B1.13 (referencing 18 U.S.C. § 3142(g)).

The Court cannot find that the factors under 18 U.S.C. § 3553(a) support Blankenship's release at this time. His convictions for conspiring to distribute methamphetamine and possessing a firearm in furtherance of that offense are serious. He had multiple prior drug and firearms convictions. He undertook this activity despite his medical conditions. He has served only about 1.5 years of his 10-year sentence. Considering the need for Blankenship's prison term to deter future criminal conduct, promote respect for the law, and provide just punishment, release is not appropriate. Further, based upon the record before it, the Court cannot find that Blankenship would not pose a danger to the safety of any person or the community if he were to be released.

As to Blankenship's motion to appoint counsel, there is no constitutional right to counsel in proceedings filed under 18 U.S.C. § 3582. *United States v. Walker*, No. CR 6:06-111-DCR, 2019 WL 3240020, at *4 (E.D. Ky. July 18, 2019) (citing *United States v. Bruner*, No. 5:14-cr-05-KKC, 2017 WL 1060434, at *2 (E.D. Ky. Mar. 21, 2017)). The decision to appoint counsel falls within the Court's discretion, but appointment of counsel is unnecessary where the issues

4

raised in a § 3582 motion "are straightforward and resolvable upon review of the record." *United States v. Clark*, No. 6:07-013-DCR, 2019 WL 7161209, at *2 (E.D. Ky. Feb. 14, 2019). Blankenship has raised no complex issues with this motion. The Court was able to resolve his motion on the record before it. Accordingly, appointment of counsel is not appropriate.

For these reasons, the Court HEREBY ORDERS that Blankenship's motion for compassionate release and appointment of counsel (DE 37) is DENIED.

Dated October 16, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY